**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUWEN LIN,<br><br>               Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 11-73715<br><br>Agency No. A097-857-951<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Juwen Lin, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") November 10, 2011, order denying his motion to

reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse

of discretion the denial of a motion to reconsider.  *Mohammed v. Gonzales*, 400

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

In his motion to reconsider, Lin requested de novo consideration of his direct appeal because the brief he filed "likely" was the result of an "unscrupulous preparer." The BIA did not abuse its discretion in denying Lin's motion to reconsider because Lin failed to identify any error of fact or law in the BIA's prior order. *See* 8 C.F.R. § 1003.2(b)(1); *Mohammed*, 400 F.3d at 791 (the court reverses the denial of a motion to reconsider only if the BIA acted "arbitrarily, irrationally, or contrary to law"). We reject Lin's contention that the BIA failed to address his argument related to the preparation of his brief on appeal.

We lack jurisdiction to address Lin's contentions related to the BIA's March 31, 2011, decision denying his appeal because the petition for review is untimely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405-06 (1995) (the 30-day filing period for a petition for review is mandatory and jurisdictional).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**